IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARVIN DEAN GOODSON | § | |
| v. | § | CIVIL ACTION NO. 6:04cv446 |
| MAXEY CERLIANO, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Marvin Goodson, proceeding *pro se*, filed this civil action under 42 U.S.C. §1983 complaining of alleged violations of his civil rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Goodson initially named Gregg County Sheriff Maxey Cerliano, the City of Gladewater Police Department, and two unknown police officers as Defendants in his lawsuit. He asserted that he was assaulted while an inmate in the Gladewater City Jail.

An evidentiary hearing was conducted on April 27, 2005, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, the parties consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c).

Following the Spears hearing, the Defendants Sheriff Maxey Cerliano and the Gladewater Police Department were dismissed, and Goodson was allowed to proceed against the individual police officers, whom he identified as Jarod Sears and Vance Callahan. These individuals were ordered to answer and did so, and a trial before the Court was scheduled. This trial was conducted without objection on November 16, 2005.

Findings of Fact

In a trial before the bench, the Court must find the facts specially and make conclusions of law. Rule 52(a), Fed. R. Civ. P. This Rule recognizes and rests upon the unique opportunity

1

afforded the trial court judge to evaluate the credibility of witnesses and to weigh the evidence. Inwood Laboratories v. Ives Laboratories, 456 U.S. 844, 855 (1982).

In this case, I have examined the exhibits and considered the testimony of the parties and witnesses in the cause. I have also noted the demeanor of the parties as they appeared in the courtroom. After careful review of all of the evidence presented, I have found the following as facts:

On the evening of June 28, 2004, Goodson was arrested by Officer Sears on charges of evading arrest, possession of marijuana, and possession of drug paraphernalia. He was also cited for having defective tail-lights. Sears and an officer named Rex Haynes took Goodson to the Gladewater City Jail, where he was booked in. Goodson was placed on an observation cell because he had been observed apparently eating something in his car and marijuana was found on the floorboard of the car. This observation cell contained a camera, but no recordings were made of the observations. After Goodson was placed in the cell, Sears left the jail. He did not see Goodson again until he testified in Goodson's criminal trial. Sears did not strike or hit Goodson in any way, and Goodson was not injured while in Sears' custody or in his presence.

At about 7:45 the next morning, Sgt. Fred Ellis was called to the jail to see about an injured inmate. When he got there, Goodson told Ellis that he, Goodson, had fallen asleep on the table in the cell and fell off, hitting his head. Ellis noted a small laceration on the side of Goodson's head. East Texas Medical Center was contacted and some paramedics came to the jail. They said that Goodson needed stitches, but Goodson said that he did not want stitches and that he wanted to make a phone call because he could not get the phone in his cell to work. Ellis allowed Goodson to make some phone calls.

A short time later, however, Goodson decided that he did want medical care, and he was taken to East Texas Medical Center. He saw Nurse David Cooksey, and told Cooksey that he had fallen asleep and fell off a table. Goodson's vital signs, including blood pressure, heart rate, and blood oxygenation level, were within normal limits, indicating that he had not suffered substantial

blood loss. Dr. Laura Rizzo examined the laceration in his head and closed the wound with five staples.

These facts were testified to by Sgt. Brady Ellis, Captain Clay Robertson, Officer Jarod Sears, and Nurse David Cooksey. I have also reviewed the records of Goodson's arrest, the Gladewater City Jail records, and the medical records from East Texas Medical Center.

During trial, Goodson requested that Officer Callahan, one of the two remaining Defendants, be dismissed from the lawsuit. This motion was granted and the claims against Callahan were dismissed with prejudice, leaving Officer Sears as the sole remaining Defendant.

Goodson testified that he was returning from Kilgore in his truck after dropping his children off. He said that he had heard "stories" about the Gladewater police department. When Sears pulled him over, Goodson said, he was on a bridge and there was no place to pull over, so he drove to the parking lot at Brookshire's. After he went to jail, Goodson said that he tried to call several people about his children, but all of the numbers were blocked and he could not get through. He hung up the phone "hard," and two officers, apparently including Sears, came to the cell and told him that banging the phone could result in another charge. Goodson turned his back to the door and leaned against the bars. He saw Sears in his peripheral vision step around the other officer, and then he was knocked unconscious and left on the floor for five hours in a "puddle of blood."

Goodson testified that Ellis told the paramedics that Goodson did not want stitches, and that someone else must have told the nurse that he, Goodson, had fallen off the table; Goodson denied making any such statements. I did not find Goodson's testimony to be credible.

Legal Standards and Analysis

Because Goodson is the plaintiff in this lawsuit, he has the burden of proving his claims by a preponderance of the evidence. <u>Vogel v. American Warranty Home Service Corp.</u>, 695 F.2d 877, 882 (5th Cir. 1983). A "preponderance of the evidence" means the greater weight of the evidence; it is that evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue in the case, the evidence appears to be equally

balanced, or if it cannot be said upon which side it weighs heavier, then the plaintiff has not met his burden of proof.  Smith v. United States, 726 F.2d 428, 430 (8th Cir. 1984).

The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."  Hudson, 112 S.Ct. at 999.

In Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993), the Fifth Circuit held that the Hudson standard is properly applied to claims for excessive force brought by pre-trial detainees, such as Goodson was in this case.  *See also* Brothers v. Klevenhagen, 28 F.3d 452, 456 (5th Cir. 1994).

In accordance with the Supreme Court's decision in Hudson, the Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment. These factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992).  It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000).

In this case, the preponderance of the credible evidence shows that Officer Sears did not use force, excessive or otherwise, upon Goodson, and that Goodson did not sustain any injuries while in Sears' custody or in his presence.  Because no force was used by Sears against Goodson, it necessarily follows that Sears did not use force maliciously or sadistically for the very purpose of

causing harm. Goodson has failed to carry his burden of proof and so his claim against Officer Sears must fail.

## Qualified Immunity

The Fifth Circuit has stated that when considering the issue of qualified immunity, the court must first consider whether the plaintiff has asserted the violation of a constitutional right at all. If so, the court then considers whether that right was clearly established at the time of the incident in question. Meadowbriar Home for Children v. Gunn, 81 F.3d 521, 530 (5th Cir. 1996). If the plaintiff crosses this threshold, the Court then proceeds to consider the objective reasonableness of the defendants' conduct. Nerren v. Livingston Police Dept., 86 F.3d 469, 473 (5th Cir. 1996).

Qualified immunity is a defense for public officials if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Brawner v. City of Richardson, Texas, 855 F.2d 187 (5th Cir. 1988). When the plaintiff invokes a clearly established right, the appropriate inquiry is whether the contours of the right are sufficiently clear that a reasonable officer would understand that what he or she is doing violates the right. Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing* Anderson v. Creighton, 483 U.S. 635 (1987).

In this case, Goodson has failed to prove the deprivation of a constitutional right or that the Defendant acted in an unreasonable manner. Consequently, Goodson has failed to overcome the qualified immunity defense. The Fifth Circuit has held that it is proper to submit the question of qualified immunity to the finder of fact. *See* Presley v. City of Benbrook, 4 F.3d 405, 409-10 (5th Cir. 1993). Accordingly, the Court finds as a matter of law that the Defendant has established his entitlement to the defense of qualified immunity.

## Conclusions of Law

Based on the above factual findings, made by a preponderance of the credible evidence pursuant to Rule 52(a), F. R. Civ. P., the Court makes the following conclusions of law:

1. The Defendant Officer Jarod Sears did not subject the Plaintiff Marvin Goodson to excessive or unreasonable force on June 28, 2004.

2. The Defendant Officer Jarod Sears did not violate any other constitutionally protected rights of the Plaintiff Marvin Goodson.

3. The Defendant Officer Jarod Sears is entitled to the defense of qualified immunity from suit.

<u>Judgment</u>

Based on the above findings of fact and conclusions of law, made in accordance with Rule 52, F. R. Civ. P., it is hereby

ORDERED that judgment is entered in favor of the Defendants in this lawsuit and against the Plaintiff Marvin Goodson. It is further

ORDERED that the Plaintiff shall take nothing on his lawsuit and that said lawsuit is DISMISSED with prejudice. Finally, it is

ORDERED that all other claims and motions which may be pending in this lawsuit are DENIED.

So **ORDERED** and **SIGNED** this **16** day of **November, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE